IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**June 30, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHERYL BATTISTA,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-404**   (Fam. Ct. Wayne Cnty. Case No. FC-50-2021-D-90)

**ANDREW BATTISTA,**
**Petitioner Below, Respondent**


## MEMORANDUM DECISION

Petitioner Cheryl Battista ("Wife") appeals the Family Court of Wayne County's September 18, 2025, order pursuant to the Motion to Clarify. Respondent Andrew Battista ("Husband") filed a response in support of the family court's order.[1] Wife did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were married on September 2, 1983. The parties share two children who were adults by the time the divorce proceedings commenced in 2022. Prior to the divorce, the parties resided together in Jackson County, Mississippi. On March 16, 2009, Husband purchased a home on Waverly Road in Wayne County, West Virginia and moved there sometime in April 2009, while Wife and the parties' adult disabled son remained in Mississippi. Sometime in March 2020, the parties lost the Mississippi home through a foreclosure proceeding. Following the foreclosure, Wife and their son relocated to Wayne County and began residing in the Waverly Road home.

Husband filed for divorce on or around April 15, 2021. The family court held the final divorce hearing on April 1, 2022. The court found the date of separation to be April 1, 2009. Further, the family court found that Husband purchased the home on Waverly Road at the date of separation and deemed the house to be separate property owned by Husband. The court awarded Wife permanent alimony in the amount of $1,000.00 per month. Since Wife was residing in Husband's home, the court ordered Husband to deduct $400.00 (mortgage payment paid by Husband) from the total spousal support amount and

---

[1] Both parties are self-represented.

ordered him to pay the difference of $600.00 to Wife until the debt is retired or Wife leaves the home. The court declared Husband to be Wife's landlord and directed Husband to make the reasonable and necessary repairs to the home.

Wife filed a motion to reconsider the final order of divorce sometime after the entry of the final order on April 14, 2022. The family court held a hearing on October 21, 2022, where after taking testimony from the parties, the court found that the date of separation should have been in 2014 and that the Waverly Road property constituted marital property subject to equitable distribution. As such, Wife was entitled to one half of the property's equity, estimated to be $7,500.00. These findings were set forth in a January 31, 2023, amended order. Husband recorded a quitclaim deed on April 11, 2024, by which Wife conveyed her interest in the Waverly Road home. Husband initiated eviction proceedings against Wife in the Magistrate Court of Wayne County in early August 2025.

Wife filed a motion to clarify with the family court sometime in 2025, requesting that the court clarify ownership of the Waverly Road home. The family court held a hearing on Wife's motion on September 15, 2025. The family court entered an order on September 18, 2025, finding that Husband purchased the Waverly Road home at the date of separation; it was Husband's separate property; that Husband was Wife's landlord; and cites the relevant paragraphs contained in the final order of divorce. The family court ultimately held that Husband is "clearly the sole owner of the Waverly Road home as evidenced by the parties' April 14, 2022, Final Divorce Decree." It is from this order that Wife now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

At the outset, we note that Wife's brief fails to comply with Rule 7 and Rule 10(c) of the West Virginia Rules of Appellate Procedure. Rule 10(c) requires a petitioner to submit a brief with an argument section that clearly presents the points of fact and law presented with appropriate and specific citations to the record on appeal and provides that this Court may disregard errors that are not adequately supported. *Id*. We have explained the importance of compliance with Rule 10 in providing for clear, concise, and organized

briefs and continue to emphasize the significance of that rule and that parties, including self-represented parties, should not anticipate that this Court will find or make arguments for them. *See Metro Tristate, Inc. v. Pub. Serv. Comm'n of W. Va.*, 245 W. Va. 495, 502-03, 859 S.E.2d 438, 445-46 (2021). The same principle applies to the need for a clear table of contents for appendix records and organized appendix records submitted under Rule 7. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Westlake Chem. Corp.*, 249 W. Va. 575, 577 n.2, 900 S.E.2d 1, 3 n.2 (2024). As the SCAWV has previously stated, this Court will "examine[] the briefs and the appendix record provided and we will address the petitioner's assignments of error to the extent possible." *Kevin D. v. Alexandria D.*, No. 23-15, 2024 WL 2946662, at *2 (W. Va. June 10, 2024).

On appeal, Wife asserts three assignments of error, several of which are similar, or closely related, that we have consolidated where appropriate for efficiency and clarity of our review. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (per curiam) (stating the general proposition that related assignments of error may be consolidated for ruling).

For the first two assignments of error, Wife alleges judicial misconduct and bias on the part of the family court judge. Wife contends that the court initially showed bias in favor of Husband with its incorrect determination that the Waverly Road home was Husband's separate property. Wife further contends that the court showed bias favoring Husband by granting him numerous extensions to make the required repairs on the Waverly Road home and to pay court ordered alimony payments. We decline to rule on these two assignments of error because Wife did not file a motion to disqualify the family court judge below, and even if she did, motions regarding judicial misconduct are not within this Court's jurisdiction. *See* R. Prac. & Pro. for Fam. Ct. 58. Moreover, Wife failed to establish that her due process rights were violated due to the alleged bias. *See Xerxes R. v. Richard P.*, No. 24-ICA-76, 2024 WL 5003524 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision) (holding that the petitioner must demonstrate error on the basis of bias or prejudice constituting a violation of a party's due process rights). Additionally, these assignments of error lack any supportive legal authority. *See State v. Sites*, 241 W. Va. 430, 442, 825 S.E.2d 758, 770 (2019) (declining to address an assignment of error that includes no legal authority to support the argument). After a review of the record, the allegations do not rise to the level of a due process violation.

Lastly, Wife's third assignment of error alleges that the family court judge evicted her from the Waverly Road home and that the court defied its own order as it previously ordered that she was to reside at the Waverly Road home. The family court's findings in the order on appeal are based on the language found in the initial divorce order entered April 14, 2022, which found the Waverly Road home to be Husband's separate property. The court later deemed the property to be marital property by the amended order entered January 31, 2023. Wife accepted $7,500 from Husband and executed and delivered a quitclaim deed to grant her interest in the property to Husband in 2024. At the time of the

eviction action, Husband was the sole owner of the property. The record does not reflect that the family court granted Wife permanent tenancy in the property, nor did the family court preside over the eviction proceedings filed by Husband. Despite the family court's reliance on the initial divorce order rather than the amended order, Wife cannot show how she suffered prejudice or had her rights adversely affected by this error. Therefore, we conclude that if errors were committed by the family court, they would amount to harmless error. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error).

While it is well established that courts must provide self-represented litigants with reasonable accommodations, the litigants' appeals must still present cognizable legal reasons to justify setting aside a court's ruling. *See Tasha R. v. Brian R.,* No. 25-ICA-313, 2026 WL 688324, at *5 (W. Va. Ct. App. Feb. 27, 2026) (citing *Cottrill v. Cottrill*, 219 W. Va. 51, 55, 631 S.E.2d 609, 613 (2006) (per curiam)). As such, we find no basis in law to warrant relief on any of Wife's assignments of error.

Accordingly, we affirm the family court's September 18, 2025, order.

Affirmed.


**ISSUED:** June 30, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White